# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHN ETCHEVERRY, | CV F   05-00454 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF |
| v. | HABEAS CORPUS |
| | [Doc. 1] |
| HICKMAN, | |
| Respondent. | |
| _____/ | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## PROCEDURAL BACKGROUND

   Petitioner is currently in custody of the California Department of Corrections and Rehabilitation (CDCR) serving a sentence of a total term of fifteen years following his conviction on December 4, 1998, in the Kern County Superior Court for voluntary manslaughter in violation of California Penal Code section 192(a).  Petitioner was sentenced to eleven years on the manslaughter conviction, with a four-year enhancement for his use of a firearm. (Respondent's Exhibit A.)

   On or about August 24, 2004, Petitioner filed an administrative appeal attempting to

---

[1] Respondent submits that effective July 1, 2005, the Youth and Adult Correctional Agency and the departments and boards within it became the California Department of Corrections and Rehabilitation.  Therefore, Mr. Hickman, as the Secretary, is now the proper respondent, and is substituted in place of Jeanne Woodford.  See Cal. Penal Code §§ 5050, 5054, 5055; see also Cal. Gov. Code §§ 12838, 12838.5, 12838.7; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894-895 (9th Cir. 1996).

1   submit a California Penal Code section 2934 waiver and seeking to obtain day-for-day credits

2   based on his participation in the Inmate Work Training Incentive Program (IWTIP).  Petitioner

3   claimed that the denial of the credits resulted in an equal protection violation.  (Respondent's

4   Exhibit B.)

5          On August 24, 2004, Petitioner appeal was denied.  (Id; see also Respondent's Exhibit C,

6   Declaration of Pam Webster, ¶¶ 1-14.)

7          On October 27, 2004, Petitioner filed a petition for writ of habeas corpus in the California

8   Supreme Court, raising the same claims raised in the instant federal petition.  The petition was

9   summarily denied on November 17, 2004.  (Respondent's Exhibit D.)

10          On November 16, 2004, Petitioner filed a petition for writ of habeas corpus in the Kern

11   County Superior Court.  The petition was denied on November 19, 2004.  (Id.; see also

12   Respondent's Exhibit E, Kern County Superior Court Minute Order, Ruling on Petition, and

13   Petition, at p.1.)[2]

14          On December 1, 2004, Petitioner filed a petition for writ of habeas corpus in the

15   California Court of Appeal, Fifth Appellate District raising the same claims.  The petition was

16   denied on January 13, 2005.  (Petition, at 3, Order, Attachment to Petition.)  Petitioner filed the

17   instant petition for writ of habeas corpus on April 7, 2005.  Respondent filed a response on

18   August 10, 2005.  (Court Doc. 6.)  Petitioner filed a traverse on August 29, 2005. (Court Docs. 7,

19   8.)  On March 27, 2006, Petitioner filed a request for judicial notice.  (Court Doc. 14.)  On May

20   22, 2006, the Court construed Petitioner's request for judicial notice as a request to supplement

21   his traverse and granted said request.  (Court Doc. 15.)

22                                    DISCUSSION

23   A.    Jurisdiction

24          Relief by way of a petition for writ of habeas corpus extends to a person in custody

25

26          [2] Respondent requests that the Court take judicial notice of the minute order and the first page of the
    superior court petition. (Respondent's Exhibit D & E.) Fed. R. Evid. 201.  Judicial notice may be taken of court
27   records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see
    also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc.,
28   615 F.2d 736, 738 (6th Cir. 1980).  Accordingly, Respondent's request for judicial notice is granted.

1  pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

2  or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>,

3  529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered

4  violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises

5  out of the Kern County Superior Court, which is located within the jurisdiction of this Court.  28

6  U.S.C. § 2254(a); 2241(d).

7       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

8  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

9  enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; <u>Jeffries v. Wood</u>, 114

10  F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting

11  <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct.

12  1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059

13  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

14  petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

15  B.    <u>Standard of Review</u>

16       This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

17  custody pursuant to the judgment of a State court only on the ground that he is in custody in

18  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

19       The AEDPA altered the standard of review that a federal habeas court must apply with

20  respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

21  <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

22  will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

23  to, or involved an unreasonable application of, clearly established Federal law, as determined by

24  the Supreme Court of the United States;" or "resulted in a decision that was based on an

25  unreasonable determination of the facts in light of the evidence presented in the State Court

26  proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>,123 S.Ct.1166 (2003) (disapproving of

27  the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v.</u>

28  <u>Taylor</u>, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply

1   because that court concludes in its independent judgment that the relevant state-court decision

2   applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations

3   omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

4   While habeas corpus relief is an important instrument to assure that individuals are

5   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

6   (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

7   criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

8   Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's

9   factual determinations must be presumed correct, and the federal court must accept all factual

10  findings made by the state court unless the petitioner can rebut "the presumption of correctness

11  by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115

12  S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

13  110 F.3d 1380, 1388 (9th Cir. 1997).

14  C.   Equal Protection Violation

15  Petitioner contends that because he has participated in the IWTIP he is entitled to the day-

16  for-day earnings under California Penal Code § 2933. Petitioner contends that "hundreds, if not

17  thousands, of other inmates similarly situated, i.e. that committed an offense where they do not

18  automatically get 'halftime' credits unless CDC lets them participate in the IWTIP, have not only

19  been given halftime credits under 2933, but such credits have been 'auto re-vested' back to their

20  arrival in CDC by prison case records personnel." (Petition, Attachment, p. 5.) Petitioner

21  contends his equal protection rights have been violated because CDC arbitrarily and

22  automatically gives some violent and serious felons the waiver and half-time credits, while

23  refusing to give it to others. (Petition, at 6.)

24  The Supreme Court has held that the equal protection clause means "that no State shall

25  deny to any person within its jurisdiction the equal protection of the laws, which is essentially a

26  direction that all persons similarly situated should be treated alike." City of Cleburne, Texas v.

27  Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (1985); Clark v. California,

28  123 F.3d 1267, 1270 (9th Cir. 1997). The first step in any equal protection analysis is to identify

4

petitioner's classification or group.  <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir. 1995).  Petitioner must show that the law has been applied in a discriminatory manner on him or imposes different burdens on different groups.  <u>Id</u>.; <u>Christy v. Hodel</u>, 857 F.2d 1324, 1331 (9th Cir. 1988).  The second step requires the Court to determine the level of scrutiny with which the Court should review the statute.  <u>Freeman</u>, 68 F.3d at 1187.  Discrimination on the basis of race or national origin and discrimination that affects fundamental rights are subject to strict scrutiny. <u>Clark v. Jeter</u>, 486 U.S. 456, 461, 108 S.Ct. 1910, 1914 (1988).  "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.  <u>City of Cleburne v. Cleburne Living Center</u>, 473 at 440.  A heightened standard of review is applied only "when a statute classifies by race, alienage, or national origin" or infringes on fundamental rights guaranteed by the Constitution. <u>Id</u>.

By contrast, classifications that do not involve a suspect class or fundamental right are subject to the rational relationship test and accorded a strong presumption of validity.  <u>Heller v. Doe by Doe</u>, 509 U.S. 312, 319 (1993).  Rational basis review "is not a licence for courts to judge the wisdom, fairness, or logic of legislative choices." <u>Id</u>. (citations omitted).  The classification must be upheld if there is any "reasonably conceivable state of facts that could provide a rational basis for the classification." <u>Id</u>. (citations omitted).  The burden is on the "one attacking the legislative arrangement to negate every conceivable basis which might support it." <u>Id</u>. (citations omitted).  As Petitioner's classification involves neither a suspect class nor a fundamental right, it is subject to the rational basis test.

The California Legislature has mandated that the CDCR require every able-bodied prisoner to work "as many hours of faithful labor in each day and every day during his or her term of imprisonment" as provided in the Department's rules and regulations.  Cal. Penal Code § 2700; Cal. Code Regs. tit. 15, § 3040, subd. (a).  Work-time credits are a privilege not a right. Cal. Penal Code § 2933.  "Eligibility to earn [these] credits is determined by the type of crime committed and the specific date on which the commitment offense occurred." CDCR Dept. Operations Manuel § 53130.4.

Under California Penal Code section 2933, inmates may earn day-for-day credits for full-time performance in a qualifying work, training or education program.  However, under California Penal Code section 2933.1, "notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credits, as defined in section 2933."  Voluntary manslaughter is listed in that section.  Cal. Penal Code § 667.5(c)(1).  Because Petitioner was convicted of voluntary manslaughter, he may not reduce his sentence by more than fifteen percent.  Cal. Penal Code § 2933.1; see also Respondent's Exhibit C, ¶ 10.

Despite Petitioner's adamant contention to the contrary, Petitioner is not entitled to a waiver under California Penal Code § 2934.  Under section 2934, an inmate who committed a felony before 1983 can waive his or her right to automatically receive good behavior credits under Penal Code section 2931, which are capped at one-third, and instead earn half-time credits under Penal Code section 2933 by participating in approved programs.  In re Strick, 148 Cal.App.3d 906, 910 (1983).  Because Petitioner committed his offense in 1998, he is statutorily ineligible for the waiver.

Petitioner is unable to establish a violation of equal protection based on the above statutory scheme.  Although Petitioner argues that he is forced to work and should earn day-for-day credits accordingly, the statutory scheme serves numerous interests and advances legitimate goals.  Inmates are required to work so that they will develop job skills and a work ethic, thereby improving their chances for reintegration into society.  People v. Goodloe, 37 Cal.App.4th 485, 488 (1995).  Further, as Respondent notes, idle inmates can lead to trouble in the prison setting.

Moreover, the manifest purpose of California Penal Code section 2933.1 is to limit conduct credits for violent felons.  As the California courts have explained, "[s]ection 2933.1 . . . is an expression of the Legislature's desire to delay the parole of violent felons . . . and is intended to identify 'violent felonies' and to single them out for special consideration 'when imposing a sentence to display society's condemnation for these extraordinary crimes against the person."  People v. Ramos, 50 Cal.App.4th 810, 816 (1996).  This credit limitation is therefore intended to protect the public from dangerous offenders who might otherwise be released on

1   parole on an earlier date.  <u>People v. Van Buren</u>, 93 Cal.App.4th 875, 880 (2001) (citations

2   omitted), *disapproved on other grounds in* <u>People v. Mosby</u>, 33 Cal.4th 353, 365 n.3 (2004).

3   "By limiting custody credits for defendants convicted of violent felonies, section 2933.1

4   complements the purpose of the Three Strikes law to ensure longer prison sentences for those

5   who commit serious or violent felonies." <u>Id</u>. (citations omitted).

6          Based on the foregoing, the California statutory scheme serves to advance the legitimate

7   goals of public safety and therefore does not violate the Equal Protection Clause.  <u>See</u> <u>e.g.</u>

8   <u>McQueary v. Blodgett</u>, 924 F.2d 829, 834-835 (9th Cir. 1991) (finding no denial of equal

9   protection in having persons sentenced under one system for crimes committed before July 1,

10  1984 and another class of prisoners sentenced under a different system).

11         Petitioner's claim that the two groups of persons, i.e. prisoners who are not eligible for

12  day-for-day credits are still receiving them, and prisoners who are also not eligible for day-for-

13  day credits that are working under the IWTIP but are not being given the credits, is a violation of

14  his equal protection rights, is without merit.  In support of his claim that similarly situated

15  prisoners are being treated differently, Petitioner submits three Legal Status Summaries (LSS)

16  and one Time Credit Waiver form (Penal Code section 2934); however, these documents simply

17  do not support or establish that these unidentified inmates are similarly situated to Petitioner.

18  (<u>See</u> Petition, Exhibit A.)

19         As Respondent submits, with respect to the waiver form, inmate McDonald, (C-24488)

20  was apparently convicted before 1983, and, therefore, unlike Petitioner, was eligible for a Penal

21  Code section 2934 waiver.  The first inmate's controlling offense is Penal Code section 245,

22  subdivision (a)(1), assault with force likely to cause great bodily injury, which is not a violent

23  offense under Penal Code section 2933.1 as it is not listed in Penal Code section 667.5,

24  subdivision (c).  (Respondent's Exhibit C, Declaration of Pam Webster, at ¶ 13.)  As such, this

25  inmate's classification credit code is a "1" and he is currently eligible to earn up to one-half

26  credit under Penal Code section 2933.  The second inmate's controlling offense is his conviction

27  is a Vehicle Code section 2800.2, disregard for safety, which is not a violent felony, and,

28  therefore, this inmate is not subject to the fifteen percent credit limit of Penal Code section

7

2933.1.  (Id.)  Finally, the third inmate's controlling offense was Penal Code section 32, accessory to a felony.  Again, this is not a violent felony, and this inmate's credit earning capacity is not limited by Penal Code section 2933.1 on his controlling offense.  (Id.)  However, the third inmate was limited to fifteen percent on two of the offenses listed as non-controlling, Penal Code section 245, subdivision (a)(2), assault with a firearm, and Penal Code section 12022.5, subdivision (a), the firearm enhancement, because these two crimes are listed in Penal Code section 667.5, subdivision (c).  (Id.)

Finally, Petitioner's reliance on In re Monigold, 205 Cal.App.3d 1224 (1988), in support of his claim that CDCR is prohibited under equitable estoppel principles from denying him day-for-day credits, is misplaced.  In Monigold, the petitioner was serving an indeterminate term of 15 years to life for second degree murder.  The California Department of Correction erroneously allowed him to earn day-for-day worktime credits pursuant to section 2933 and a waiver was signed.  Petitioner's minimum eligible parole date was recalculated and reflected a cut of 26 months.  In re Monigold, 205 Cal.App.3d at 1226.  In April 1987, after earning day-for-day worktime credits for four years, the Attorney General informed the CDC that it erred in allowing the petitioner to participate in the worktime credit program, given the Attorney's General's March 1987, conclusion that state prisoners serving indeterminate sentences of 15 years to life were ineligible for worktime credits under section 2933.  As a result, the petitioner's worktime credits were revoked and a new minimum eligibility parole date was recalculated.  Id. at 1226-1227.  Based on principles of equitable equitable, the Court of Appeal, held that the state was estopped from revoking the petitioner's earned credits because he worked under that program in good faith and in reliance on his early release date for four years.  Id. at 1230-1231.  In contrast, here, the CDCR never informed Petitioner that he was eligible for worktime credits under section 2993.  In fact, when Petitioner attempted to present a "waiver" to the CDCR, he was informed that he was not eligible pursuant to section 2933.1 based on his conviction of voluntary manslaughter.  Thus, any belief that Petitioner was entitled to earn day-for-day worktime credits was based on his own misinterpretation of the statutory scheme, and not on the CDCR's acceptance into the program. In sum, the CDCR was statutorily unauthorized to contract with

1  Petitioner for day-for-day credits, and Petitioner was never informed to the contrary.

2  D.    Due Process Violation

3       In a related claim, Petitioner contends that his due process rights have been violated

4  because he has a liberty interest in earning "halftime" credits pursuant to California Penal Code §

5  2933 because he has participated in the IWTIP program.

6       In order to state a due process claim, Petitioner must show that a constitutionally

7  protected liberty interest is implicated. Baumann v. Arizona Dept. of Corrections, 754 F.2d 841,

8  844 (9th Cir. 1985).  A state may create a constitutionally protected liberty interest if it

9  establishes regulatory measures that impose substantive limitations on the exercise of official

10  discretion. Hewitt v. Helms, 459 U.S. 460, 470-71 (1983).  Contrary to Petitioner's assumption,

11  California has not created a protected liberty interest in earning credits pursuant to Section 2933.

12  See California Penal Code § 2933 ("[w]orktime credit is a privilege, not a right"); Kalka v.

13  Vasquez, 867 F.2d 546, 547 (9th Cir.1989) ("section 2933 does not create a constitutionally

14  protected liberty interest"); Touissant v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.1986)

15  ("[e]xamination of section 2933 leads to the conclusion that prisoners have no right to earn the

16  one-for-one worktime credits provided by that section).   In addition, Section 2934, which

17  provides for waivers, cannot serve as the basis of a liberty interest in work credits.  Miller v.

18  Rowland, 999 F.2d 389, 392 (9th Cir. 1993).   Petitioner simply has no constitutional right to

19  earn credits.  Because Petitioner has not shown a violation of the Federal Constitution, Petitioner

20  is not entitled to habeas corpus relief.  See 28 U.S.C. § 2254 (habeas corpus available for

21  violations of the Constitution or federal law.)

22                              RECOMMENDATION

23       Based on the foregoing, it is HEREBY RECOMMENDED that:

24  1.    The instant petition for writ of habeas corpus be DENIED; and

25  2.    The Clerk of Court be directed to enter judgment in favor of Respondent.

26       This Findings and Recommendations is submitted to the assigned United States District

27  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

28  the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 29, 2006**                          _____ **/s/ Dennis L. Beck**_____
3b142a                                                    UNITED STATES MAGISTRATE JUDGE